# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Benjamin R. MERRITT
### Seaman (E-3), U.S. Coast Guard

## CGCMS 24275

## Docket No. 1214

## 30 September 2004

Special Court-Martial convened by Commanding Officer, Ninth Coast Guard District. Tried at, Cleveland, Ohio, on 10 March 2004.

| | |
|---|---|
| Military Judge: | CAPT Sharon Fijalka, USCG |
| Trial Counsel: | LCDR Clayton L. Diamond, USCG |
| Assistant Trial Counsel: | LT Ted R. Fowles, USCG |
| Civilian Defense Counsel: | William E. Cassara, Esq. |
| Defense Counsel: | LT Dustin Reichard, JAGC, USNR |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LT Derek S. Baer, USCG |

## BEFORE
## PANEL FOUR
## BAUM, KANTOR[*], & HAMEL
Appellate Military Judges

Per Curiam:

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of the following offenses: one specification of making a false official statement, in violation of Article 107, Uniform Code of Military Justice (UCMJ); one specification of wrongfully using marijuana in violation of Article 112a, UCMJ; and one specification of committing indecent acts with a person not his wife, in violation of Article 134, UCMJ. Appellant was sentenced to a bad-conduct discharge, confinement for 120 days and reduction to pay grade E-1.

---

[*] Judge Kantor did not participate in this decision.

Before this Court, without admitting that the findings and sentence are correct in law and fact, Appellant has submitted this case on its merits as to any and all errors, but notes that the military judge failed to ascertain, on the record, the qualifications of Mr. William E. Cassara, civilian defense counsel. Appellant concedes that Mr. Cassara met the qualification requirements in Rule for Courts-Martial 502(d)(3), Manual for Courts-Martial, United States, (2002 ed.). Furthermore, it is not asserted that Mr. Cassara's performance was in anyway deficient and the record does not reflect any deficiency on his part; therefore, the military judge's failure to inquire into Mr. Cassara's qualifications was not prejudicial to the Appellant.

Before this Court, the Government notes that both the staff judge advocate's recommendation and the Special Court-Martial Order erroneously state a finding of not guilty for charges that were withdrawn. Specification 1 of Charge I and Specifications 2 and 3 of Charge II were withdrawn at trial and should be reflected as such in a corrected promulgating order from the Convening Authority.

We have reviewed this case in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, are affirmed. The Convening Authority shall issue a supplementary promulgating order correctly reflecting Specification 1 of Charge I and Specifications 2 and 3 of Charge II as withdrawn.



For the Court,

Roy Shannon Jr.
Clerk of the Court

2